IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTOINETTE WALB LINT, | : | |
| Plaintiff | : | NO. 02 CV 4641 |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| CHB SPORTS, INC. and ALBERT H. BLOUGH, | : | |
| | : | |
| Defendants | : | |

**ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT**

Defendants, CHB Sports, Inc and Albert H. Blough, by and through their authorized attorneys, Lavery, Faherty, Young & Patterson, P.C., hereby answer and respond to Plaintiff's Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied.

5. Admitted in part. Denied in part. These averments are admitted with the exception that it is denied that the Colonial Hills Bowling facility was owned and operated personally by Answering Defendant Blough. Rather, such facility was owned and operated by Answering Defendant CHB Sports, Inc.

6. Denied.

7. Admitted.

8. Denied. These averments are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure.

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Admitted in part. Denied in part. It is admitted only that correspondence dated May 29, 2001 was sent by an attorney purporting to represent Plaintiff to Bradley Bixler, General Manager of Colonial Hills Bowing. This letter speaks for itself as to its contents and any incomplete, inconsistent, or inaccurate characterizations thereof are denied.

21. Denied.

22. Admitted in part. Denied in part. It is admitted only that Answering Defendant Blough received a notice of charge of discrimination filed by Plaintiff, which

was dated October 30, 2001. As to when Plaintiff first made a complaint to the EEOC, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments and the same are therefore denied, with strict proof thereof being demanded, if relevant.

23. Admitted.

24. Denied.

WHEREFORE, Defendants, CHB Sports, Inc. and Albert H. Blough, respectfully pray that Plaintiff's Complaint against them be dismissed with prejudice and that judgment be entered in their favor together with the allowable costs of this action and reasonable attorney's fees.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

25. Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted.

### Second Affirmative Defense

26. Plaintiff's Complaint fails to state a valid claim or cause of action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), et seq.

### Third Affirmative Defense

27. Plaintiff's claims are barred and/or limited by virtue of application of the applicable statutes of limitations.

### Fourth Affirmative Defense

28. Plaintiff's claims are barred and/or limited by virtue of application of the equitable doctrine of laches.

### Fifth Affirmative Defense

29. Plaintiff's claims may be barred and/or limited by Plaintiff's consent to certain activity as alleged in the Complaint.

### Sixth Affirmative Defense

30. All or portions of Plaintiff's claims are barred because they exceed the scope of the allegations contained in the administrative complaint to the Equal Opportunity Employment Commission.

### Seventh Affirmative Defense

31. The alleged conduct at issue is not sufficiently severe or pervasive to unreasonably interfere with Plaintiff's work performance and thus did not constitute a hostile work environment.

### Eighth Affirmative Defense

32. Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by the employer. Plaintiff's claims are barred and/or limited thereby.

### Ninth Affirmative Defense

33. Plaintiff has failed to properly mitigate her damages, if any.

### Tenth Affirmative Defense

34. Defendants plead application of all limitations of remedy and on recovery contained in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et. seq., as amended.

### Eleventh Affirmative Defense

35. To the extent that Plaintiff's Complaint can be read to make a claim for retaliatory discharge, said claim is barred as not contained within the charge of discrimination filed by Plaintiff with the Equal Opportunity Employment Commission.

### Twelfth Affirmative Defense

36. Plaintiff voluntarily left the employment of Answering Defendant, CHB Sports, Inc. in June 2001 and did not return to employment with Answering Defendant anytime thereafter.

### Thirteenth Affirmative Defense

37. Any and all relevant employment decisions made by Answering Defendant CHB Sport, Inc. were made for legitimate, non-discriminatory business reasons and were made in good faith.

### Fourteenth Affirmative Defense

38. Answering Defendant CHB Sports, Inc. exercised reasonable care to prevent any harassing behavior.

### Fifteenth Affirmative Defense

39. At times relevant to this action, Plaintiff acted within the workplace in a manner which was inappropriate and lewd with customers and co-employees, which conduct would have justified her termination.

### Sixteenth Affirmative Defense

40. At no time material hereto, did any of the conduct at issue in this matter lead to tangible employment action against Plaintiff.

### Seventeenth Affirmative Defense

41. At not time material hereto was Plaintiff subject to unwelcome harassment based upon her sex.

### Eighteenth Affirmative Defense

42. At no time was plaintiff subject to any harassment that was egregious or that affected a term, condition, or privilege of her employment.

### Nineteenth Affirmative Defense

43. Answering Defendants plead application of the caps on compensatory and punitive damages contained within Title VII, as amended, 42 U.S.C. §1981a(b)(3).

### Twentieth Affirmative Defense

44. Any liability for back pay, such liability being specifically and unequivocally denied, is barred and/or limited by application of the statutory defenses found at 42 U.S.C. §2000(e-5)(g), and at 42 U.S.C. §5000-5(g).

### Twenty First Affirmative Defense

45. Plaintiff's Ad damnum clause requesting "no less than $1,000,000.00" is improper under the pleading requirements and should be stricken.

WHEREFORE, Defendants, CHB Sports, Inc. and Albert H. Blough, respectfully pray that Plaintiff's Complaint against them be dismissed with prejudice and that judgment be entered in their favor together with the allowable costs of this action and reasonable attorney's fees.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By:_____
Frank J. Lavery, Jr., Esquire
Atty No. 42370
225 Market St., Suite 300
PO Box 1245
Harrisburg, PA 17108-1245
Attys for Defendants,
CHB Sports, Inc. and
Albert H. Blough

DATE:_____